# Exhibit 18

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

March 29, 2018

Writer's Direct Contact
415.268.6538
JTaylor@mofo.com

Via UPS and Email (*ip@brownrudnick.com, mleonardo@brownrudnick.com*)

Mark S. Leonardo
Brown Rudnick LLP
One Financial Center
Boston, MA  02111

Re:   U.S. Trademark Applications for MOMA and MOMACHA (Serial Nos. 87/758,842 and 87/689,255) and Infringement of MOMA® Trademark

Dear Mr. Leonardo,

We write on behalf of our client The Museum of Modern Art ("MoMA or the Museum"). We are writing to you as the attorney of record for USPTO trademark application Serial Nos. 87/758,842 and 87/689,255 in the name of MoMaCha IP LLC ("MoMaCha"). If we should direct this letter to someone else, please let us know.

As you may know, MOMA is the well-known trademark and service mark of MoMA, a non-profit, tax exempt New York education corporation founded in 1929. MoMA is a leading museum of modern art and design, with a national and international reputation. Its award-winning web site, MoMA.org, received over 13 million unique visitors in the past year. The Museum has used MOMA as a service mark since at least the late 1960's, and has used the MOMA mark in connection with goods since at least 1976.

The Museum currently uses the MOMA mark in connection with a wide variety of goods and services that help to support its exempt activities. While not exhaustive, a list of such goods and services includes the following: museum services and information in the field of art, culture and design; books, posters, prints and stationary; umbrellas and tote bags; clothing; household and kitchen utensils; puzzles and games; and retail, wholesale, and catalog services. The Museum also operates two cafés, named Cafe 2 and Terrace 5, within the museum building, as well as a Michelin-star winning café and restaurant, called "The Modern," which opened in 2005. All of these cafés and restaurants are promoted under the MOMA trademark, including in brochures available within the Museum and on the Museum's website at https://www.moma.org/visit/eating.

sf-3882980

MORRISON | FOERSTER

March 29, 2018
Page Two

Based on its longstanding use of the mark, the Museum's common law rights in the MOMA mark are strong. In addition, the Museum owns U.S. Registration No. 2,768,707 for the mark MOMA in Classes 9, 14, 16, 18, 21, 25, 28, 35, and 41. The Class 41 services under the MOMA mark are "Museum services, educational services, namely, conducting exhibitions, workshops, seminars, lectures, tours, film and video presentations, libraries and study centers in the field of art culture and design, providing information in the field of art, culture and design over the Internet, and publication of educational material in the field of art, culture and design." This registration is incontestable.

It has come to our client's attention that MoMaCha is operating or plans to operate an art gallery in New York City under the name MoMaCha and is promoting art gallery services via its website at https://momacha.com/. Based upon your client's two trademark applications, we understand that your client is also planning to use MOMA and MOMACHA in connection with beverages and café and restaurant services. Your client's use of a mark identical to our client's MOMA mark and another mark incorporating our client's MOMA mark in connection with art exhibitions, beverages, and café and restaurant services has caused and is likely to cause confusion as to the source, origin, or sponsorship of MoMaCha's goods and services. Indeed, we are already aware of one such instance of confusion. Your client's intentional use of the MOMA mark is evident from its logo, in which Mo, Ma, and Cha all appear on separate lines, thus emphasizing MOMA, as well as from its application for MOMA alone.

There is no question that MoMaCha's MOMA and MOMACHA marks are confusingly similar to our client's MOMA mark, or that your client's use of the MOMA and MOMACHA marks is trademark infringement under federal and state law, including but not limited to Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a). Accordingly, we must demand on behalf of our client that your client cease all of use of the marks MOMA and MOMACHA, including in connection with beverages, cafés and restaurants, and any goods and services related to art. We further demand that your client expressly abandon U.S. Trademark Application Serial Nos. 87/758,842 and 87/689,255.

Please confirm with five (5) days of the date of this letter that your client will comply with this demand. Otherwise, we will have no alternative but to advise our client to take all necessary and appropriate steps to protect its rights.

Sincerely,

*Jennifer Lee Taylor*
Jennifer Lee Taylor

sf-3882980