UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO.:  1:18-cv03364-LLS

THE MUSEUM OF MODERN ART,

    Plaintiff,

v.

MOMACHA IP LLC and MOMACHA OP LLC,

    Defendants.
_____/

**<u>DEFENDANTS' MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS CLAIM FOR TRADEMARK DILUTION</u>**

Defendants, MOMACHA IP LLC and MOMACAHA OP LLC (collectively, "<u>MOMACHA</u>"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(6), Local Rule 7.1, the Court's endorsement granting an extension of time [D.E. 17], and other applicable law, submits this memorandum in support of the motion to dismiss (the "<u>Motion to Dismiss</u>") noticed by MOMACHA in the *Notice of Defendants' Motion to Dismiss Claim for Trademark Dilution* filed contemporaneously with this memorandum.

# **TABLE OF CONTENTS**

INTRODUCTION ......................................................................................................................... 1

RELEVANT ALLEGATIONS IN THE COMPLAINT ............................................................... 1

PLAINTIFF'S FAILURE TO STATE A CLAIM FOR TRADEMARK DILUTION .................. 2

    A.    Applicable Pleading Standards ........................................................................................2

    B.    Applicable Legal Principles .............................................................................................3

    C.    Plaintiff's Failure to Plausibly Allege that the MoMA Marks Are Truly Famous ..............4

CONCLUSION ............................................................................................................................... 7

# **TABLE OF AUTHORITIES**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ................................................................................................................ 2, 4

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ................................................................................................................ 2, 4

*DigitAlb, Sh.a v. Setplex, LLC*,
284 F.Supp.3d 547 (S.D.N.Y. 2018) ............................................................................... 3, 4, 5, 6

*Giambattista v. American Airlines, Inc.*,
584 F. App'x 23 (2d Cir. 2014) ..................................................................................................... 3

*Global Brand Holdings, LLC v. Church & Dwight Co., Inc.*,
No. 17-cv-6571 (KBF), 2017 WL 6515419 (S.D.N.Y. Dec. 19, 2017) ................................ 4, 5, 6

*Louis Vuitton Malletier v. Dooney & Bourke, Inc.*,
454 F.3d 108 (2d Cir. 2006) ........................................................................................................ 3

*Luv N' Care, Ltd. V. Regent Baby Prod. Corp.*,
841 F.Supp.2d 753 (S.D.N.Y. 2012) ....................................................................................... 4, 7

*Savin Corp. v. Savin Group*,
391 F.3d 439 (2d Cir. 2004) ........................................................................................................ 3

*Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*,
588 F.3d 97 (2d Cir. 2009) .......................................................................................................... 4

**Statutes**

15 U.S.C. § 1125 ......................................................................................................... 1, 3, 4, 5

**Rules**

Fed. R. Civ. P. 8 .................................................................................................................... 2

**INTRODUCTION**

Plaintiff, The Museum of Modern Art (the "MoMA"), initiated this action by filing its *Complaint* (the "Complaint") [D.E. 1] against MOMACHA. The Complaint sets forth six claims for relief, including one for trademark dilution under 15 U.S.C. § 1125(c). In order to state a claim for trademark dilution under 15 U.S.C. § 1125(c), a plaintiff must plausibly allege that its trademark is truly famous. In order to be truly famous, a trademark must be widely recognized by the general consuming public of the United States (*e.g.*, Budweiser beer, Camel cigarettes, and Barbie dolls). While the Complaint does contain a formulaic recitation of this element of a claim for trademark dilution, the MoMA has not plausibly alleged that its trademarks (the "MoMA Marks") are widely recognized by the general consuming public of the United States. At most, the MoMA can plausibly allege only that the MoMA Marks have achieved "niche fame"—*i.e.*, that they are recognized by a limited population, such as modern art enthusiasts or New Yorkers—which is insufficient to state a claim for trademark dilution. Therefore, the MoMA has failed to state a claim for trademark dilution, and the Complaint should be partially dismissed accordingly.

**RELEVANT ALLEGATIONS IN THE COMPLAINT**

The MoMA Marks include the word marks "MOMA," "MOMA DESIGN STORE," "MOMAQNS," "MOMA MODERN KIDS," "MOMA PS1," and "ART MAKING WITH MOMA" [*see* D.E. 1, pp.5-8], as well as the following logo:

**MoMA**

[*see* D.E. 1, p.3].

The Complaint is based upon MOMACHA's use of purportedly similar marks and

1

includes a claim for "Trademark Dilution under 15 U.S.C. § 1125(c)." [D.E. 1, p.15.] In support of this claim, the MoMA alleges that the MoMA Marks are famous as follows:

> As a result of MoMA's world-class reputation, and its expenditures and efforts to promote the MoMA brand and Museum, the MOMA Marks are famous and have come to signify the high quality of MoMA's museum services, as well as all related goods and services, including but not limited to restaurants, bars, cafés, publications, merchandise, and educational programs.

[D.E. 1, ¶ 26.]

> The MOMA marks are widely recognized by the general consuming public of the United States as a designation of source for MoMA's goods and services. As such, they are famous.

[D.E. 1, ¶ 57.]

**PLAINTIFF'S FAILURE TO STATE A CLAIM FOR TRADEMARK DILUTION**

**A. Applicable Pleading Standards**

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citation omitted).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In order to state a claim, then, a complaint "must at a minimum assert nonconclusory factual matter sufficient to nudge its

claims across the line from conceivable to plausible to proceed." *Giambattista v. American Airlines, Inc.*, 584 F. App'x 23, 24 (2d Cir. 2014) (quotation omitted).

### B. Applicable Legal Principles

"To state a claim for federal trademark dilution, the plaintiff must allege: (1) the mark is famous; (2) defendant's use of the mark is made in commerce; (3) the defendant used the mark after the mark is famous; and (4) the defendant's use of the mark is likely to dilute the quality of the mark by blurring or tarnishment." *DigitAlb, Sh.a v. Setplex, LLC*, 284 F.Supp.3d 547, 557 (S.D.N.Y. 2018). *See also Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, 454 F.3d 108, 118 (2d Cir. 2006) (setting forth elements of claim for trademark dilution). "[T]he element of fame is the key ingredient." *Savin Corp. v. Savin Group*, 391 F.3d 439, 449 (2d Cir. 2004).

In *Savin*, the Second Circuit encouraged the district courts to determine whether the senior mark is famous as early in the litigation as possible:

> [W]here it is possible for a district court to determine in the first instance the issue of the famousness of a senior mark, the court would be well advised to do so. Indeed, this will often obviate the costly litigation of potentially much thornier issues, such as whether actual blurring or tarnishing of the senior mark has in fact occurred . . . .

*Savin*, 391 F.3d at 450. Accordingly, if this Court can determine that the MoMA Marks are not famous on a motion to dismiss, it should make that determination and dismiss the MoMA's claim for trademark dilution.

In 2006, the Lanham Act was amended to define "famous" as "widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner." 15 U.S.C. § 1125(c)(2)(A). "This amendment ensures that dilution causes of action are restricted to 'those few truly famous marks like Budweiser beer, Camel cigarettes, Barbie Dolls, and the like.'" *Global Brand Holdings, LLC v. Church & Dwight Co., Inc.*, No.

3

17-cv-6571 (KBF), 2017 WL 6515419, at *3 (S.D.N.Y. Dec. 19, 2017) (quoting *Luv N' Care, Ltd. V. Regent Baby Prod. Corp.*, 841 F.Supp.2d 753, 758 (S.D.N.Y. 2012)). *See also Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*, 588 F.3d 97, 105 (2d Cir. 2009) ("[T]he requirement that the mark be 'famous' and 'distinctive' significantly limits the pool of marks that may receive dilution protection . . . ."). Therefore, in order for the MoMA's trademark dilution claim to survive the Motion to Dismiss, the MoMA must have plausibly alleged this level of fame.

### C. Plaintiff's Failure to Plausibly Allege that the MoMA Marks Are Truly Famous

The MoMA has alleged that the MoMA Marks are famous in a conclusory fashion. [*See* D.E. 1, ¶ 57 ("The MOMA marks are widely recognized by the general consuming public of the United States as a designation of source for MoMA's goods and services. As such, they are famous.").] The only factual details supporting this conclusion are (1) the MoMA's self-proclaimed world-class reputation and (2) certain unspecified expenditures and efforts purportedly undertaken by the MoMA to promote the MoMA brand. [*See* D.E. 1, ¶ 26 ("As a result of MoMA's world-class reputation, and its expenditures and efforts to promote the MoMA brand and Museum, the MOMA Marks are famous . . . .").] This is patently insufficient to satisfy the plausibility standard enunciated in *Iqbal* and *Twombly*.

Indeed, the MoMA's allegations are not unlike the allegations this Court found insufficient in *DigitAlb* and *Global Brand*. In *DigitAlb*, this Court dismissed a claim for trademark dilution where the plaintiff alleged fame in nothing more than a recitation of 15 U.S.C. § 1125(c)(2)(A)'s definition of a "famous" mark:

> The only allegation that pertains to the fame of the symbols is a conclusory allegation that each of these symbols is "is associated by the public in the United States . . . with each of the individual channels and is widely recognized by the general public as a deviation of the source of the content distributed by the channels . . . ." (Compl. ¶ 61.) But this allegation amounts to nothing more than a recitation of § 1125(c)(2)(A)'s definition of a "famous"

4

> mark. . . .
>
> Count VI of the Complaint is dismissed because it does not contain sufficient factual matter to plausibly allege that the mark is even close to being "widely recognized by the general consuming public of the United States." 15 U.S.C. § 1125(c)(2)(A); *accord Heller Inc. v. Design Within Reach, Inc.*, 2009 WL 2486054, at *4 (S.D.N.Y. Aug. 14, 2009).

*DigitAlb*, 284 F.Supp.3d at 558-59.

In *Global Brand*, this Court dismissed a claim for trademark dilution where the plaintiff not only alleged, like the MoMA here, a recitation of 15 U.S.C. § 1125(c)(2)(A)'s definition of a "famous" mark along with a general allegation as to efforts made to promote the brand, but also alleged (1) nationwide sales and revenue, (2) that sales were made through large, well-known retailers, (3) dollar amounts spent specifically on creating consumer recognition, and (4) that the marks were used in advertisements, articles, and editorials in mainstream publications:

> [T]he Amended Complaint does not plausibly allege that plaintiff's "XOXO" marks are "famous" for the purposes of § 1125(c). Plaintiff points to its allegations that goods bearing its marks are sold nationwide and online through large, well-known retailers, and that it has spent millions of dollars to create consumer recognition in the marks. But, as the principles above make clear, this is insufficient in and of itself to plausibly allege fame to the general consuming public. Plaintiff's statement that the "consuming public has come to associate the XOXO Trademarks with high quality goods and services emanating exclusively from Global," (Am. Compl. ¶ 18), does not provide any factual detail (i.e., how much of the consuming public or how close and well-known an "association"). Similarly, plaintiff's allegations of advertisements, news articles, and editorials in mainstream publications are, as the legal principles above make clear, simply not enough. Many brands are advertised in the publications plaintiff lists—not all are "famous." See TCPIP Holding Co., 244 F.3d at 99.
>
> Additionally, plaintiff's allegation that it has made efforts toward creating "consumer recognition" is insufficient to state a plausible claim of fame for two reasons. (See Am. Compl. ¶ 18.) "Effort" toward achieving fame is not equivalent to having achieved the

5

> requisite fame.  And "consumer recognition" is not the same as an allegation of wide recognition by the <u>general</u> consuming public.  In both cases, Section 1125(c) mandates the latter.  On the face of the Amended Complaint, the allegations support recognition by the young women for whom the XOXO-branded products are designed, (Am. Compl. ¶ 10), not by the general consuming public.
>
> . . . .
>
> In sum, the Amended Complaint does not allege that the general consuming public in the United States widely recognizes its XOXO marks.  Allowing allegations about plaintiff's budget and revenues to underlie a claim of "fame" would significantly expand the pool of marks that could be the subject of dilution claims, when Congress clearly intended only to protect marks that the general public recognizes.  For this reason, plaintiff's federal trademark dilution claim (Count V) is DISMISSED.

*Global Brand*, 2017 WL 6515419, at *5-6 (emphasis in original).  For the same reasons, the MoMA's trademark dilution claim should be dismissed.[1]

Moreover, the allegations in the Complaint demonstrate that the MoMA Marks have, at most, "niche fame," which, as of the 2006 amendment to the Lanham Act, is insufficient to support a trademark dilution claim.  According to the Complaint, (1) the MoMA Marks "are unquestionably famous within the modern and contemporary art space" [D.E. 1, ¶31], (2) "modern and contemporary art . . . is exactly MoMA's market within the larger field of art" [D.E. 1, ¶32], and (3) the MoMA has only 120,000 members and had only approximately 14.2 million visitors since 2014 [*see* D.E. 1, ¶ 9].  Considering that, according to the United States Census Bureau, there was 308,745,538 people in the United States as of April 1, 2010, the foregoing allegations show that the MoMA Marks are in fact recognized only by modern art

---

[1] MOMACHA notes that apparently unlike the plaintiffs in *DigitAlb* and *Global Brand*, the MoMA has based its conclusion that the MoMA Marks are famous on its purported world-class reputation.  However, whether the MoMA is among the best in the world for the services it provides has no bearing whatsoever on whether the MoMA Marks are widely recognized by the general consuming public of the United States.  In fact, some of the world's best service providers are esoteric and, therefore, have marks that are not widely recognized, while many mediocre service providers are omnipresent and, therefore, have marks that are widely recognized.

enthusiasts or some other subset of the general consuming public (e.g., New Yorkers). However, the 2006 amendment's inclusion "of the phrase 'widely recognized by the general consuming public of the United States' was intended to reject dilution claims based on niche fame, *i.e.* fame limited to a particular channel of trade, segment of industry or service, or geographic region." *Luv N' Care*, 841 F.Supp.2d at 757-58. Accordingly, the MoMA cannot state a claim for trademark dilution.

## CONCLUSION

For the foregoing reasons, the MoMA has failed to and cannot plausibly allege that the MoMA Marks are famous under 15 U.S.C. § 1125(c)(2)(A), and the MoMA's claim for trademark dilution should be dismissed.

>                          Respectfully submitted,
>
>                          **AGENTIS PLLC**
>                          *Counsel for Defendants*
>                          501 Brickell Key Drive, Suite 300
>                          Miami, Florida 33131
>                          T. 305.722.2002 │www.agentislaw.com
>
>                          By:    */s/ Christopher B. Spuches*
>                                 Christopher B. Spuches
>                                 New York Bar No.: 2848653
>                                 cbs@agentislaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 21, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notices of electronic filing to the following:

MORRISON & FOERSTER LLP

Jamie A. Levitt
250 West 55th Street
New York, New York 10019
T.  212.468.8000
F.  212.468.7900
jlevitt@mofo.com

Jennifer Lee Taylor
Sabrina A. Larson
425 Market Street
San Francisco, California 94105
T.  415.268.7000
F.  415.268.7522
jtaylor@mofo.com
slarson@mofo.com

By:  */s/ Christopher B. Spuches*
     Christopher B. Spuches
     New York Bar No.:  2848653
     cbs@agentislaw.com